IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD DIAZ, | ) CIVIL NO. 19-00144 SOM-KJM |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) COMPLAINT |
| | ) |
| ARGON AGENCY, INC.; JOHN | ) |
| DOES 1-10; JANE DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT

On March 21, 2019, Plaintiff Edward Diaz ("Diaz") filed a Complaint against Defendant Argon Agency, Inc. ("Defendant"), John Does 1-10, and Jane Does 1-10.  ECF No. 1.  On July 26, 2019, Diaz requested that the Clerk enter default against Defendant.  ECF No. 14.  The Clerk entered default that same day.  ECF No. 15.

On July 26, 2019, Diaz filed a motion for default judgment.  ECF No. 16.  On July 30, 2019, the district court denied Diaz's motion for default judgment.  ECF No. 19.

The Court held a status conference on December 11, 2019.  ECF No. 26.  Diaz failed to appear.  *Id.*  The Court held another status conference on September 29, 2020 ("09/29/2020 Status Conference"), at which Diaz appeared.  ECF No. 28.

At the 09/29/2020 Status Conference, the Court discussed with Diaz that it appeared he had named the wrong defendant. Diaz agreed, and the Court therefore directed Diaz to amend his Complaint to reflect the properly named defendant, Aargon Agency, Inc., by October 30, 2020. *Id.* The Court set a subsequent status conference for November 3, 2020 ("11/03/2020 Status Conference"). *Id.* Diaz failed to either amend his Complaint or appear at the 11/03/2020 Status Conference. ECF No. 29. On May 27, 2021, the Court held an additional status conference ("05/27/2021 Status Conference"). Diaz failed to appear at the 05/27/2021 Status Conference.

On May 27, 2021, the Court entered an Order to Show Cause ("05/27/2021 OSC"), ordering Diaz to explain in writing by June 11, 2021, as to why the Complaint should not be dismissed for Diaz's failure to prosecute and appear. ECF No. 32. In the 05/27/2021 OSC, the Court warned Diaz that failure to comply would provide a basis for the imposition of sanctions, including but not limited to fines, dismissal, and other appropriate action. ECF No. 32 at 3 (citing LR 11.1). Diaz did not respond to the 05/27/2021 OSC and has still not amended his Complaint to reflect the properly named defendant.

DISCUSSION

I.    Legal Standard

It is well-established that the Court may dismiss an action for failure to prosecute pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 41(b). *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970).  FRCP 41(b) provides, in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

"In determining whether dismissal is appropriate, the peculiar facts of each case are important." *Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 761, 763 (9th Cir. 1981) (citing *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965)). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  *Chapman v. Krutonog*, No. CIV. 08-00579 HG-KSC, 2013 WL 4835175,

at *2 (D. Haw. Sept. 9, 2013) (citing *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002)).

II.     Application of the Dismissal Factors

This Court has carefully considered the above-listed factors and finds that the application of those factors warrants the dismissal of this case.

    A.     The public's interest in expeditious resolution of litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Since the 09/29/2020 Status Conference, Diaz has failed to appear at two subsequent status conferences, failed to respond to the Court's 05/27/2021 OSC, and failed to amend his Complaint to reflect the properly named defendant. Diaz has failed to pursue this case for nine months. The public's interest in expeditious resolution of litigation weighs strongly in favor of dismissal.

    B.     The court's need to manage its docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]" *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Diaz's case has consumed the Court's time that could have been devoted to other cases on its docket. Diaz has failed to comply with court-ordered deadlines, failed to communicate with the Court the reason for Diaz's noncompliance, and routinely

failed to appear at status conferences. The Court's need to manage its docket weighs strongly in favor of dismissal.

      C.      The risk of prejudice to the defendants

In determining whether a defendant has been prejudiced, the Ninth Circuit examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broad. Corp. (In re Rubin),* 769 F.2d 611, 618 (9th Cir.1985)). A presumption of prejudice exists, however, when there has been an unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

Defendant has not appeared in this case, and the Clerk has entered default against Defendant. *See* ECF No. 15. It is not clear whether Diaz's failure to name the proper defendant caused Defendant's failure to appear. Diaz's failure to amend his complaint to name the proper defendant precludes resolution of this case on the merits with the proper parties before the court. Accordingly, this factor weighs in favor of dismissal.

      D.      The availability of less drastic alternatives

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131–32 (quoting *United States v. Nat'l Med.*

5

*Enters., Inc.*, 792 F.2d 906, 912 (9th Cir.1986)). The Ninth Circuit favors the grant of an express warning regarding the possibility of dismissal before the district court undertakes a Rule 41(b) dismissal, *sua sponte*. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

The Court attempted to confer with Diaz at several status conferences at which Diaz did not appear. ECF Nos. 26, 29, 31. The Court then issued the 05/27/2021 OSC, directing Diaz to show cause as to why his case should not be dismissed. ECF No. 32. In the 05/27/2021 OSC, the Court expressly warned Diaz that his continued failure to prosecute this case could result in the dismissal of the case. *Id.* The Court has considered the availability of less drastic sanctions such as further warnings or the imposition of a fine, but the Court finds that such sanctions would be futile considering Diaz's failure to communicate with the Court in any way. The availability of less drastic alternatives weighs strongly in favor of dismissal.

E.   The public policy favoring the disposition of cases on their merits

Public policy favors the disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, this factor weighs against dismissal.

CONCLUSION

Whereas only one factor weighs against dismissal, four factors weigh strongly in favor of dismissal. Diaz has failed to comply with Court orders and has failed to prosecute his claims against the proper party. Accordingly, the Court FINDS AND RECOMMENDS that the district court dismiss Diaz's Complaint without prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, June 17, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*Diaz v. Argon Agency, Inc.*; Civil No. 19-00144 SOM-KJM; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT